**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LISA REYES** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| **ALLSTATE INDEMNITY COMPANY,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT ALLSTATE INDEMNITY COMPANY'S NOTICE OF REMOVAL**

Allstate Indemnity Company ("Allstate") files this Notice of Removal pursuant to 28 U.S.C. Sections 1441(a), 1446(b), and 1332(a), removing this action from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. In support thereof, Allstate shows the Court as follows:

## I. Background

1. On or about February 16, 2021, Plaintiff allegedly sustained property damages arising from a hail/windstorm (the "storm"), which Plaintiff alleges is covered in an insurance policy that Plaintiff had with Allstate.[1] Plaintiff alleges, among other issues, Allstate breached the policy, and that Allstate's "delayed and continues to delay payment of the balance of Plaintiff's claim for a period exceeding any conceivable applicable statutory period."[2]

2. On April 6, 2023, Plaintiff served Defendant with the lawsuit styled *Lisa Reyes v. Allstate Indemnity Company* via process server through Defendant's registered agent, in which Plaintiff seeks to recover from Allstate for all damages arising from the alleged storm damage pursuant to

---

[1] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraph 8.
[2] *See* Exhibit B-1, Plaintiff's Original Petition, Paragraph 11.

a policy of insurance issued by Allstate.[3] Therein, Plaintiff asserts causes of action against Allstate for breach of contract; violation of sections 541 and 542 of the Texas Insurance Code; breach of the duty of good faith and fair dealing, and breach of the Texas Deceptive Trade Practices Act.[4]

3. Plaintiff pleads for monetary relief "aggregating $250,000 or less, excluding interest, statutory or punitive damages, and attorney fees."[5] Plaintiff also claims a total loss estimate of $140,636.39.[6]

4. Simultaneously with the filing of this notice of removal, attached hereto are the following Exhibits:

**Exhibit "A"** is an Index of State Court Documents that clearly identifies each document and indicates the date the document was filed in state court;

**Exhibit "B"** is a copy of the docket sheet;

**Exhibits "B-1"** through **Exhibits "B-4"** are all documents filed in the state court action as identified on the Index of Documents;

**Exhibit "C"** is the Declaration page;

**Exhibit "D"** is List of Parties to the Case and Case Status; and

**Exhibit "E"** is a List of Counsel.

## II.   Grounds for Removal

5. This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446 because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

---

[3] *See generally,* Exhibit B-1 Plaintiff's Original Petition.
[4] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraphs 16 through 30.
[5] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraph 5.
[6] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraph 10.

## A. Parties are Diverse

### i. Plaintiff's Citizenship

6. Plaintiff is a natural person who owns the property and resides in Irving, Dallas County, Texas, thus demonstrating that Plaintiff is domiciled in the state of Texas.[7] Plaintiff has not plead or alleged citizenship of any state other than Texas. Thus, Plaintiff is believed to be a citizen of Texas because "for purposes of federal subject-matter (diversity) jurisdiction, a natural person is a citizen of but one State [and] [t]hat is the state in which the person is domiciled."[8] On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

### ii. Allstate's Citizenship

7. Defendant Allstate Indemnity Company was, and at the date of this Notice, remains, an Illinois company, with its principal place of business in Illinois, and is a citizen of the State of Illinois for diversity purposes. Allstate is authorized to transact business and has transacted business in Texas. Defendant is organized under Chapter 982 of the Texas Insurance Code. Allstate is therefore not a citizen of the State of Texas for diversity purposes.

## B. Amount in Controversy

8. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[9] The removing party may satisfy its burden by

---

[7] *See* Exhibit B-1, Plaintiffs' Original Petition, Paragraph 2.

[8] *O'Neal v. DePuy Synthes Sales, Inc.,* No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019), *citing Wachovia Bank v. Schmidt,* 126 S. Ct. 941, 951 (2006); *and, Acridge v. Evangelical Lutheran Good Samaritan Soc.,* 334 F.3d 444, 451 (5th Cir. 2003).

[9] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).

either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[10]

9.  If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint.[11]

    i.  <u>It is facially apparent from the petition that the claim likely exceeds $75,000.00</u>

10.  Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's pleading seeks damages of monetary relief "aggregating $250,000 or less, excluding interest, statutory or punitive damages, and attorney fees."[12]  On the face of Plaintiff's pleadings, she also claims a total loss estimate to be $140,636.39. Thus, this matter exceeds the amount in controversy requirement set forth in 28 U.S.C. § 1332.  However, even if it is determined that is not facially apparent from the petition that Plaintiffs' claim likely exceeds $75,000.00, the facts in controversy support a finding that Plaintiff's claim likely exceeds that amount.

---

[10] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[11] *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).
[12] Rule 47 requires one of the following claims for relief:
(1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses; prejudgment interest, and attorney fees; or
(2) monetary relief of $100,000 but not more than $200,000; or
(3) monetary relief over $200,000 but not more than $1,000,000; or
(4) monetary relief over $1,000,000
*See* Tex. R. C. P. 47; *and* <u>Exhibit B-1,</u> Plaintiff's Original Petition, Paragraph 10.

   ii. <u>Evidence of the amount in controversy support a finding that the claim exceeds $75,000.00.</u>

11. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages."[13]

12. Here, Plaintiff's petition seeks the following categories of damages:

- Actual damages;
- Statutory damages;
- Exemplary damages;
- Attorney's fees; and
- Interest.[14]

13. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than $75,000.[15]

14. In addition to the foregoing, Plaintiff's insurance policy implicates that the value of the underlying claim is in excess of the jurisdictional limits. Specifically, in determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit in *St. Paul Reinsurance Co. v. Greenberg* defined the "object of the litigation" as the "value of the right to be protected."[16] In *Hartford Ins. Group v. Lou-Con Inc.,* the Fifth Circuit specified that for claims

---

[13] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiffs case against his insurance company).
[14] *See* <u>Exhibit B-1,</u> Plaintiffs' Original Petition,¶¶63-70.
[15] *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the Plaintiffs' claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).
[16] 134 F. 3d 1250 (5th Cir. 1998)(declaratory judgment action); *see also Noyola v. State Farm Lloyds,* No. 7:13-CV-146, 2013 WL 3353963 (W.D. Tex. 2013)(applying *St. Paul Reinsurance Co.* analysis to breach of contract case arising from hailstorm damage claim).

involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim."[17]

15.     The subject homeowner's policy forms the contractual basis for Plaintiff's breach of contract claim.[18] The policy provides that the limits of coverage to Plaintiff's property at issue are $102,400.00 in dwelling protection; $11,600.00 in additional living expenses protection; and $58,000.00 in personal property protection for a total in excess of $172,000.00 in total policy coverages.[19]

16.     The limits for the insured property implicate an amount in controversy above the jurisdictional threshold. That is, it is the policy that serves as the basis of Plaintiff's breach of contract claim.[20] Accordingly, Plaintiff's breach of contract claim alone implicates that the value of the underlying claim is in excess of the jurisdictional limits. When combined with the extra-contractual and statutory damages alleged, the amount is well-above the threshold.

### III.     Grounds for Removal

17.     This notice of removal was timely filed May 5, 2023 within thirty (30) after service of process upon Defendant pursuant to 28 U.S.C. §1446(b).[21]

18.     Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Dallas County, Texas, the venue where this suit was initiated. [22]

19.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached to this Notice. [23]

---

[17] 293 F.3d 908, 911 (5th Cir. 2000).
[18] *See generally,* Exhibit B-1, Plaintiff's Original Petition.
[19] *See* Exhibit C, Policy Declarations Sheet.
[20] *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiffs breach of contract claim facially implicated the limits of the policy).
[21] *See* 28 U.S.C. §1446(b)(l), and Exhibit B-2, Transmittal of Citation dated 03/15/2023.
[22] *See* generally, Exhibit B-1, Plaintiff's Original Petition.
[23] *See* Exhibit B – Exhibit B-4.

20. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Dallas County.

## IV. Prayer

Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Indemnity Company hereby removes this case to this court for trial and determination.

Respectfully submitted,

By: /s/Roger. D. Higgins
**ROGER D. HIGGINS**
State Bar No. 09601500
rhiggins@thompsoncoe.com
**TIFFANY A. AU**
State Bar No. 24075842
tau@thompsoncoe.com
**R. ANNIE BANKS**
State Bar No. 24120361
abanks@thompsoncoe.com
**THOMPSON, COE, COUSINS & IRONS, LLP**
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Fax: (214) 871-8209
**ATTORNEYS FOR DEFENDANT ALLSTATE INDEMNITY COMPANY**

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of this document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on the 5th day of May 2023:

>Norman Riedmueller
>Shaun W. Hodge
>The Hodge Law Firm, PLLC
>1301 Market Street
>Galveston, Texas 77550
>Tel: (409) 762-5000
>nriedmueller@hodgefirm.com
>shodge@hodgefirm.com

>>*/s/Roger D. Higgins*
>>**ROGER D. HIGGINS**